UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-                            **MEMORANDUM AND ORDER**
                                              Case No. 93-CR-1049 (FB)

DARRELL GEORGE FULTON,

              Pro Se Defendant.
------------------------------------------------------x

*Appearances:*
*For the Defendant:*
DARRELL FULTON, *Pro Se*
# 39856-053
FCI Otisville
P.O. Box 1000/Unit G-B
Otisville, NY 10963

**BLOCK, District Judge:**

On February 17, 2016, *pro se* petitioner Darrell Fulton filed a motion for a writ audita querela, pursuant to 28 U.S.C. 1651(a), the All Writs Act. Fulton requests that this court clarify whether the eleven-level upward departure imposed at sentencing was within the applicable guideline range. For the reasons that follow, Fulton's motion is denied.

A writ of *audita querela* is an extraordinary remedy and is generally available only if "the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues." *United States v.*

1

*Richter*, 510 F.3d 103, 104 (2d Cir. 2007). The writ is generally not available to review a criminal conviction if the petitioner could have raised his claims in a 28 U.S.C. § 2255 motion. *See id.* ("[The writ of *audita querela* ] is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (internal quotation marks omitted).

This case does not justify this unusual form of relief because judicial review was available. Fulton's constitutional claim is based on the Second Circuit's remand of his original sentence.[1] *See United States v. Fulton*, 173 F.3d 847, 847 (2d Cir. 1999) (referencing the 1997 decision that, "Fulton's conviction was affirmed on appeal, but we remanded for resentencing because the district court did not make sufficient factual findings. . ."). This issue has been fully litigated and was amply considered and denied in prior 28 U.S.C. § 2255 motions, which the Circuit affirmed. *See e.g. Fulton I*[2], 173 F.3d 847 (2d Cir. 1999) (the Circuit concluded "that the district court's reliance on the robbery and murder of Severides is appropriate for departure purpose, and the

---

[1] The Second Circuit affirmed the conviction, but remanded for the district court to provide a sufficient factual basis for the eleven-level upward departure.

[2] To avoid redundancies and confusion because the caption of each case is *United States v. Fulton*, they are instead referenced as *Fulton I, and II*, respectively.

findings on remand are not clearly erroneous."); *also Fulton II*, 515 Fed. App'x 25, 26 (2d Cir. 2013) (finding no error because "the district court did not select a first-degree murder Guideline, U.S.S.G. § 2A1.1, as the applicable offense guideline. First, the district court acknowledged that the relevant uncharged murder and robbery. . .could 'only be considered for purposes of upward departure.'")

Accordingly, the petition is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
United States District Judge

DATE: Brooklyn, New York
      May 17, 2016